1840.

In the matter of Waterbury.

---

In the matter of Waterbury and others, president and trustees of the Eagle Iron Works.

A judgment obtained by confession against a corporation after the petition had been presented for the voluntary dissolution of such corporation, is not entitled to a preference, either as against the real or personal estate in the hands of the receiver who was subsequently appointed ; whether such confession of the judgment was by executing a bond and warrant of attorney, or by the giving of a cognovit in a suit commenced against the corporation in the usual way.

But where a creditor of the corporation, by legal diligence, and without any voluntary assistance from the corporation or its officers, obtains a legal lien upon its real or personal estate by judgment, or by the levying of an execution thereon, before the order of the court is obtained, for the appointment of a receiver and for the dissolution of the corporation, such creditor cannot be deprived of the preference he has thus acquired.

May 19.

THIS case came before the chancellor upon an appeal by Robert Vernon, a judgment creditor of the Eagle Iron Works, from an order of the vice chancellor of the first circuit. In October, 1839, a petition was presented to the vice chancellor in this matter, by a majority of the trustees of the Eagle Iron Works, an incorporated company, for the dissolution of the corporation, pursuant to the provisions of the article of the revised statutes relative to the voluntary dissolution of corporations ; and an order was

thereupon made referring the matter to a master, and requiring all persons interested to show cause before him why the corporation should not be dissolved, as directed by the statute. After the making of this order, and before the time appointed for showing cause before the master, the appellant recovered a judgment against the corporation, and issued an execution thereon to the sheriff of New-York; who levied upon the corporate property, and had the same in his custody, undisposed of, at the time the order for a dissolution of the company was made, in February, 1840. Several other judgments were also recovered against the corporation after the order to show cause was made, and executions were issued thereon; but those judgments were entered upon cognovits given by direction of the president of the company. The receivers presented a petition to the vice chancellor, stating those facts, and insisting that the judgments which were entered by confession were void as against such receivers; and asking for an order restraining the sheriff and his deputies from selling the property on any of the executions, so that the judgment creditors might come in pro rata only with other creditors in payment out of the property of the corporation. The vice chancellor, upon the hearing of the parties, granted the prayer of the petition. And he decided and decreed that the judgment creditors had no advantage over the other creditors, by virtue of their judgments and executions, except as to the real estate of the corporation. And that as to the personal estate levied on, they must come in rateably with all the other creditors of the corporation. From this decision Vernon, who had obtained his judgment by due course of law, and not by confession, appealed.

*Gerard W. Morris*, for the appellant.

*Nye Hall*, for the respondents.

THE CHANCELLOR. So far as relates to the judgments which were obtained upon the cognovits, given after the

presenting the petition for the dissolution of the corporation, there can be no doubt that the judgment creditors are entitled to no advantage over the other creditors, either as to the real or personal estate of the corporation. The seventy-first section of the article of the revised statutes relative to the voluntary dissolution of corporations, (2 R. S. 469,) expressly declares, among other things, that all judgments confessed by the corporation, after the filing of a petition for the dissolution thereof, shall be absolutely void as against the receivers who may be appointed, and as against the creditors of the corporation. And it makes no difference whether the judgment is confessed upon a bond and warrant of attorney, given for that purpose, or after the commencement of a suit in the usual way. The object of the statute unquestionably was, to prevent the corporation or its officers from doing any act by which one creditor should get a preference over another, with their assent. And the intention of the legislature would be entirely frustrated if the courts should hold that a preference could be given by the withdrawal of a plea, or the signing of a cognovit, in a suit commenced in the usual form of commencing adversary suits. The receivers in the present case are, therefore, entitled to the real and personal estate of the corporation, for the benefit of all the creditors rateably, discharged of any lien created either by the judgments which were confessed, or by the executions which were issued thereon.

The second subdivision of the seventy-ninth section of that article of the revised statutes, (2 R. S. 471,) directing the payment of judgments to the extent of the value of the real estate of the corporation upon which they are liens, does not apply to such judgments by confession ; which judgments are void both as to the receivers and the creditors, and therefore cannot be valid liens upon the real estate, as to either. The meaning and intent of that provision relative to the payment of judgments, in the distribution of the assets of the corporation, is, that where there are judgments, which as against the receiver and the creditors are valid liens upon real estate, the judgment creditors to the

extent of those liens shall have a preference. In other words, that the receiver may sell the real estate and pay the judgments which are liens thereon out of the proceeds of such sale, or so much of the judgments as the proeeeds of such real estate will pay. The provision, as reported by the revisers, was to give a preference to judgments without reference to any lien they might have created upon real estate. But the legislature repudiated such a principle; and substituted a provision which was only intended to give the judgment creditor the preference which he had actually acquired by his legal diligence. And as the dissolution of the corporation would render it impossible to enforce the lien, where the execution had not been previously issued, the receivers are directed to pay it out of the proceeds of the land; which in that case would constitute a part of the funds in their hands for distribution.

1840.

In the matter of Waterbury.

I think, however, the vice chancellor erred, if he supposed this provision, as to the distribution of the fund in the hands of the receiver, was intended to divest the lien which any creditor had previously obtained upon any part of the personal estate of the corporation. So far as respects judgments voluntarily confessed after the commencement of the proceedings for a dissolution, I have before stated they cannot create a valid lien either upon the real or personal estate, as to the receivers or the creditors generally. But if any creditor had acquired a specific lien upon the personal estate of the corporation, by virtue of a valid judgment and execution, which execution had been levied upon the property before the order for the dissolution of the corporation, I think this court has no power to divest that lien, and to take the property out of the hands of the sheriff, for the purpose of giving it to the receiver discharged of the lien. The statute, to a certain extent, has protected the corporate funds, for the equal benefit of all the creditors, from the time of presenting the petition for a dissolution. But as it has not given to this court any control over the property until the coming in of the master's report, and the dissolution of the corporation, if any

creditor by his legal diligence, and without any voluntary assistance from the corporation or its officers, is able to get a lien either upon the real or personal estate in the meantime, I think it would be an assumption of a power which the legislature has not given to this court, to deprive him of the preference which he has thus acquired.    In the case of proceedings against corporations in equity, under a previous article of the revised statutes, (2 *R. S.* 466, § 56,) the legislature has expressly authorized this court, at any time after the institution of proceedings against the corporation, to interfere by injunction to restrain any creditor from proceeding at law and obtaining a preference.    But upon a full examination of the subject, I am satisfied the counsel for the receivers is in an error in supposing that provision is applicable to a proceeding for a voluntary dissolution of the corporation.

The conclusion at which I have arrived is, that the decision of the vice chancellor is erroneous, as to the appellant.    The order appealed from, so far as his rights are concerned, must therefore be reversed.    And an order must be entered declaring that the appellant is entitled to be paid the amount of his judgment and execution out of the property levied on by the sheriff.    Upon the payment of his execution and the sheriff's fees thereon, the sheriff is to deliver up the property to the receivers.    But if that amount is not paid, the sheriff must proceed and sell the property, or so much thereof as is necessary to satisfy that execution ; and deliver up the residue of the property, or the proceeds thereof, to the receivers.

The appellant's costs upon the appeal, and the gross sum of ten dollars for the costs of opposing the petition before the vice chancellor, must be paid by the receivers out of the funds of the corporation in their hands.    And the proceedings are to be remitted to the vice chancellor, so that the order, as modified on this appeal, may be carried into effect under his directions.