H. AMELIA BENNETT, Appellant, *v.* JAMES BUCHAN, Respondent.

Defendant and R. were partners, and as such obtained a joint judgment against four persons, also partners, one of whom they released, and the release was duly recorded. Defendant's firm was subsequently dissolved, and its affairs left in the hands of defendant, to be closed up. He, in consideration of ten per cent of the judgment, executed, in the firm name, an assignment thereof to plaintiff, reciting it as against all the defendants, and covenanting that the whole amount was due and unpaid. Plaintiff, at the time, had no knowledge of the release. The judgment debtor released was solvent, the others insolvent. In an action for a breach of the covenant, *held*, that the record of the discharge was not constructive notice thereof to plaintiff; that the assignment was sufficient to vest in plaintiff the title of defendant's firm, but the latter could not bind his late partner by the covenant, and was alone liable for its breach ; that the covenant was, in effect, that the amount of the judgment was due from all the judgment debtors; and that for the breach thereof plaintiff was entitled to recover the difference in the value of the judgment as it was when transferred and as it would have been had not the release been executed.

*Bennett* v. *Buchan* (53 Barb., 578), as to question of damages, overruled.

(Argued May 25, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of the defendant entered upon the report of a referee. (Reported below, 53 Barb., 578.)

This action was brought to recover damages for a breach of covenant contained in the assignment of a judgment by the defendant to the plaintiff.

On the 2d day of September, 1861, the defendant and one Rich, who were partners, recovered a judgment against Erasmus S. Doran, James E. Doran, Allen H. Gillett, and Homer W. Wooster, who were also partners, for damages and costs, $1,038.46. On the 19th day of March, 1863, defendant and Rich released and discharged Gillett from all liability on this judgment, and the release was, on the 1st day of October, 1865, entered on record in the Onondaga county clerk's office. On the 28th day of January, 1865, the firm of Buchan & Rich was dissolved, and the affairs of the firm were left in the hands of defendant to be closed up. On the 1st day of March, 1866, the defendant, executed in the firm name to the plaintiff, in consideration of ten per cent paid by her, an assignment of the said judgment, in which the judgment against all the defendants therein is recited and the amount thereof is stated. He assigned the judgment, "and all sum and sums of money that may be had or obtained by means thereof, or any proceedings to be had thereupon;" the assignment contained the following clause: "And the said parties of the first part do covenant that there is now due on the said judgment the sum of $1,038.46, and interest from September 2, 1861, and that they will not collect or receive the same, nor any part thereof, nor release or discharge the said judgment." At the time of the assignment the plaintiff had no knowledge that Gillett had been released, and defendant had forgotten or did not think of the fact. All the judgment debtors were, at the time of the assignment, and have continued to be, insolvent, except Gillett, and the judgment could have been collected of him.

There have been two trials of the case. Upon the first

trial the referee found for the plaintiff the full amount of the judgment, deducting a small sum which plaintiff had collected thereon. Upon appeal by defendant to the General Term the judgment was reversed, and new trial granted. (53 Barb., 578.) Upon the second trial the referee, following the law as laid down by the General Term, gave plaintiff judgment for only one-tenth of the amount of the judgment, to wit, $103.84, and interest.

*Geo. N. Kennedy* for the appellant. The agreement must be construed to mean that defendant and his partners have not received or collected any portion of the judgment, and that they have not released or discharged the same. (*Furness* v. *Ferguson*, 34 N. Y., 485.) The rule of damages is the difference between the value of the thing sold and what its value would have been if it had answered the warranty. (*Furness* v. *Ferguson*, 34 N. Y., 341; *Jansen* v. *Ball*, 6 Cow., 628.)

*Wm. C. Ruger* for the respondent. Plaintiff is the owner of only one-half the judgment. (*Sanford* v. *Mickles*, 4 J. R., 224; *Geortner* v. *Trustees*, 2 Barb., 625.) To construe the covenant that no release of any of the debtors had been made would change the contract. (7 J. R., 258; 11 id., 122; 2 Cai., 192; 18 Wend., 347.) Plaintiff's proof of damages was insufficient. (*Jansen* v. *Ball*, 6 Cow., 628). The consideration paid would be the limit of plaintiff's recovery. (Sedg. on Dam., 164, 165, 290; *Eaton* v. *Melius*, 7 Gray, 566, 573; *Cary* v. *Gruman*, 4 Hill, 625; *Fales* v. *McKeon*, 2 id., 53.) Express covenants in a deed do away with all implied ones. (*Vanderkan* v. *Vanderkan*, 11 J. R., 122; 7 id., 258; 2 Cai., 192; 18 Wend., 347.) The general rule of damages is to give only such as will indemnify the injured party from actual loss. (Sedg. on Dam., 354, 164, 165; 11 Barb., 370; 28 N. Y., 270; 40 id., 66; *Peters* v. *McKean*, 4 Den., 546; *Baker* v. *Drake*, 53 N. Y., 220; 28 Barb., 737; 31 id., 540; 5 Wend., 535; 3 Esp., 83; 1

Taunt., 566; 7 Taintor, 152; 1 McCord, 379; *Eaton* v. *Melius,* 7 Gray, 566; 24 Wend., 103; 40 N. Y., 86; 1 Barb. Ch., 250; 4 Hill, 472; *Cobb* v. *Titus,* 10 N. Y., 198; 28 id., 410; 8 Mass:, 257, 266; 12 id., 365.)

EARL, C.   The plaintiff had no knowledge that Gillett was discharged, and she was not bound to obtain such knowledge at the county clerk's office.   The record of the discharge did not give her constructive notice thereof.   Nothing short of actual notice would deprive her of the remedy which she seeks.   The assignment to plaintiff was made by Buchan alone, after the dissolution of the firm, in the firm name. This was sufficient to vest in the plaintiff all the title the firm had to the whole judgment. (*Pierson* v. *Hooker,* 3 J. R., 68;   *Van Kuren* v. *Parmelee,* 2 N. Y., 525;   *Milliken* v. *Loring,* 37 Me., 408;   Colyer on Part., § 546.) While he could bind his late partner by the transfer, he could not bind him by any new contract; and hence Rich was not bound by the covenants contained in the transfer, and they bind only Buchan who made them.

We are thus brought to the main question in this case, and that is, whether there was any covenant in the assignment that all the judgment debtors remained liable upon the judgment; or, in other words, that the amount of the judgment was due from all of the defendants therein.   There is in the instrument executed by the defendant an assignment of the judgment, and of all moneys that may be obtained thereon; there is authority to take all legal proceedings to collect the same;   there is a covenant that the assignors will not collect the same, nor release or discharge the judgment; and a covenant that the sum of $1,038.46, the whole amount of the recovery, is due on the judgment   What is meant by a statement that an amount is due?   That it is due from some one.   When, as here, the names of the parties are mentioned against whom the judgment was recovered, and it is a judgment against them which is assigned, a covenant that the amount of the judgment is due must mean that it is due from.

all the judgment debtors. It seems to me that all men would thus understand the language. To hold that this language would be satisfied if four of six, or one of six judgment debtors had been released, and that it meant simply that the amount specified was abstractly due on the judgment from some one, would be doing violence to the plain meaning of language and the manifest intention of the parties.

There was, therefore, a breach of this covenant, and the only remaining question is as to the rule of damage. The referee awarded the plaintiff only the purchase-price with interest. She was entitled to recover the difference between the value of the judgment as it was, and its value if Gillett had not been released. The same rule must be applied which is applied in the case of breach of warranties in the sale of chattels. (Sedgwick on Damages, 371; *Janson* v. *Ball*, 6 Cow., 628; *Furniss* v. *Ferguson*, 15 N. Y., 437; S. C., 34 id., 485.)

The judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.