IN THE MATTER OF THE APPLICATION OF THE FRENCH MANU-
FACTURING COMPANY FOR A DISSOLUTION THEREOF.

*Voluntary application for dissolution of corporation — injunction against proceedings
by creditors, not granted with order to show cause.*

Upon the presentation of an application for the voluntary dissolution of a cor-
poration, under the provisions of the Revised Statutes, an injunction restrain-
ing the creditors from proceeding against the corporation to enforce their
demands cannot be granted at the same time with the order to show cause why
such dissolution should not be had.
*In the Matter of Waterbury* (8 Paige, 380), followed.

APPEAL from an order denying a motion to vacate an injunction.

On the 23d day of June, 1877, the trustees of the French Manu-
facturing Company applied at chambers, by petition, praying, for
reasons therein stated, a dissolution of the said corporation.

This application was made under the provisions of the Revised
Statutes relative to the voluntary dissolution of corporations.

The petition sets forth, among other things, that several creditors
of the corporation had commenced actions at law to recover their
claims, and that there was danger if they were allowed to prosecute
their suits, that the property of the company would be sacrificed to
satisfy their claims to the great injury of the remaining creditors,
and prayed that such creditors should be enjoined until the appoint-
ment of a receiver.

An order to show cause why the corporation should not be dis-
solved and appointing a referee to take proof on the return thereof
was made, and all creditors of the said corporation were enjoined
from commencing, or further prosecuting any actions or proceed-
ings at law for the collection of their claims.

The petitioners, Messrs. Smith & Son, previous to this had com-
menced action against the company for the collection of its promis-
sory note held by them, but had not, at the time the injunction was
served upon them, succeeded in getting judgment; they accordingly
applied to vacate the injunction, this application was granted so
far as to allow them to obtain judgment. This they did, and then

moved upon petition for the appointment of a receiver or vacation or modification of the injunction.

*Stephen A. Walker*, for the appellant.

*Fred. H. Comstock*, for the respondent, the trustees.

BRADY, J.:

The question to be considered in this appeal is whether, upon the presentation of an application for the voluntary dissolution of a company under the provisions of the Revised Statutes, an injunction restraining the creditors from proceeding against the corporation to enforce their demands can be granted at the same time with the order to show cause why such dissolution should not be had. It is supposed that, by the fifty-sixth section of the article entitled " Of proceedings against corporations in equity " (2 R. S., 466), such a process is authorized because the application is a proceeding according to the provisions of the title of which it is a part.

Section 56 is, however, a part of article 2 which applies to suits by and against corporations, and a procedure for a voluntary dissolution is not a suit by or against a corporation. Indeed, the article (3) which provides for such voluntary dissolution declares that a receiver shall be appointed, after the return of the order to show cause, when the facts then existing are such as to justify it under the requirements of the section controlling it. (Section 65.) The chancellor, *In the Matter of Waterbury* (8 Paige, 380), said: " In the case of proceedings against corporations in equity, under a previous article of the Revised Statutes (2 R. S., § 56), the legislature has expressly authorized this court, at any time after the institution of proceedings against the corporation, to interfere, by injunction, to restrain any creditor from proceeding at law and obtaining a reference. But upon a full examination of the subject I am satisfied the counsel for the receiver is in an error in supposing that that provision is applicable to a proceeding for a voluntary dissolution of the corporation." This view has not been disturbed by any adjudicated case. We have not been able to find one and none has been cited. When the injunction is granted at once it must be on the assumption that the company is entitled to the relief asked, while the proceeding

itself, as exhibited in detail by the provisions of the statute, is based upon the proposition that the facts and the report of the referee, made after the order to show cause is returnable, are such as to warrant the granting of the application.

For these reasons we think the order appealed from should be reversed, with ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements.