MARIETTA LUDINGTON, Respondent, *v.* DANIEL G. THOMPSON, as Receiver of AUGUSTUS BAUS & Co., a Dissolved Corporation, Appellant.

1. CORPORATIONS — VOLUNTARY DISSOLUTION — ACTION AGAINST RECEIVER — PLEADING.   When a complaint against the receiver of a corporation, appointed by an order or decree made in a proceeding under the statute for the voluntary dissolution of corporations (2 R. S. 467, *et seq.*), avers that the corporation has been dissolved, and the averment is not denied in the answer, the fact that the defendant was appointed receiver on final dissolution sufficiently appears.

2. ESTABLISHMENT OF DISPUTED CLAIMS.   The method prescribed by the statute authorizing proceedings for the voluntary dissolution of corporations, for ascertaining the validity of disputed claims by summary reference (2 R. S. 470, § 73), is not exclusive, and the court may authorize an action for that purpose against the receiver who disputes the validity of a claim.

3. ACTION AGAINST RECEIVER — STATUTE OF LIMITATIONS.   If an action against a voluntarily dissolved corporation, in form an action upon promissory notes, is in fact an action to ascertain whether the plaintiff is a creditor by reason of the notes, entitled to share in the distribution of the estate of the corporation, it is not barred by the six years' Statute of Limitations, unless the allowance of the claim in a proceeding under the statute would have been barred.

4. RECEIVER A TRUSTEE — SUSPENSION OF STATUTE OF LIMITATIONS. The receiver of a voluntarily dissolved corporation is, by force of the

statute (2 R. S. 469, § 67), a trustee of the property of the corporation for the benefit of all its creditors ; and the six years' Statute of Limitations does not run in his favor against claims not barred at the time of his appointment, so long as the trust is open and continuing, and has not been repudiated or denied.

*Ludington* v. *Thompson,* 4 App. Div. 117, affirmed.

(Argued June 18, 1897 ; decided October 5, 1897.)

Appeal from a judgment of the Supreme Court, entered June 5, 1896, upon an order of the Appellate Division in the first judicial department, overruling exceptions taken by defendant upon the trial, ordered to be heard in the first instance by the Appellate Division and directing judgment in plaintiff's favor, with a notice of bringing up for review the order overruling the exceptions.

The action was brought upon eight promissory notes, some of which were made by the corporation of which the defendant is the receiver, and others were made by third parties and indorsed by the corporation, and for money loaned and advanced by plaintiff. The notes matured during the months of September, November and December, 1887, and January and March, 1888.

The corporation was engaged in the business of the manufacture of pianos. October 12, 1887, the corporation being insolvent, proceedings for a voluntary dissolution were commenced, and Gustavus Baylies, Jr., who then was and always had been the secretary of the corporation, was appointed receiver thereof by the Supreme Court. He gave security, qualified, and on the same day took possession of the property of the corporation of value of upwards of $100,000, and continued to act as such receiver until February, 1888. While he was acting as such receiver, and before all the notes had matured, he made and delivered to the plaintiff, who was the holder of all the notes, a writing signed by him as secretary of the corporation, and also as receiver thereof, wherein he waived protest of the notes, and consented that the holder of them might receive part payment of the same and might extend the time for the payment of the balance without affect-

ing the legal liability of the corporation as indorser upon the notes. Some of the notes were duly protested. They were all made or indorsed by the corporation. In February, 1888, the court made an order annulling and setting aside the order of October 12, 1887, appointing Baylies receiver, on the ground that the petition upon which it was made was insufficient and declaring the order to have been null and void and quashing the petition and all subsequent proceedings thereon, and thereafter, January 23, 1891, the court, upon an accounting by Baylies as such receiver, ordered judgment against him for $194,414.39. February 29, 1888, this defendant was appointed receiver of the corporation which was dissolved, and he has qualified and ever since has been acting as such receiver. September 29, 1890, plaintiff filed with this defendant receiver a claim for the amount of the notes and the money loaned and advanced. In 1891 the defendant receiver, by order of the court, declared and distributed a dividend of twenty per cent to and among the creditors of the corporation, and in his petition for such order the receiver disallowed plaintiff's claim and refused to pay the plaintiff anything thereon. The plaintiff did not learn of the disallowance of his claim by the receiver until some time after the dividend of twenty per cent had been paid, but within two years thereafter. May 25, 1895, the court, by order, allowed the plaintiff to bring this action against the receiver, and the action was actually commenced June 5, 1895. The defendant, among other things, denied protest and waiver of protest of the notes and alleged payment of the claim, and set up the Statute of Limitations.

*George Putnam Smith* for appellant. The Statute of Limitations is a bar to this action. (*Kingsley* v. *F. N. Bank*, 31 Hun, 329; Beach on Receivers, § 1; *Kirkpatrick* v. *McElroy*, 41 N. J. Eq. 555; *Sacia* v. *DeGraaf*, 1 Cow. 356; *Demarest* v. *Wynkoop*, 3 Johns. Ch. 129; *Howell* v. *Koehler*, 52 Ohio St. 103; *Spotswood* v. *Dambridge*, 4 H. & M. 139; *Strike* v. *McDonald*, 2 H. & G. 238; *Rosenthal* v. *Plumb*,

25 Hun, 336; *Storrs* v. *Plumb*, 30 Hun, 319; *Greenwald* v. *Appell*, 17 Fed. Rep. 140; *Trafton* v. *Hill*, 80 Me. 503.)

*Lyman W. Redington* for respondent. The Statute of Limitations is not a bar to this action. (*People* v. *St. N. Bank*, 151 N. Y. 597; *Pierson* v. *Morgan*, 20 Abb. [N. C.] 428; *Kane* v. *Blood*, 7 Johns. Ch. 90; *Hill* v. *McDonald*, 19 Civ. Pro. Rep. 431; *In re Camp*, 126 N. Y. 389; *Davis* v. *Davis*, 86 Hun, 402; *Decouche* v. *Savetier*, 3 Johns. Ch. 190; Perry on Trusts, §§ 863, 864; *Reitz* v. *Reitz*, 80 N. Y. 538; *Hamer* v. *Sidway*, 124 N. Y. 538–549; *Zebley* v. *F. L. & T. Co.*, 139 N. Y. 461.) The general waiver made by Baylies was admissible in evidence. (*Sullivan* v. *Judah*, 4 Paige, 444; *People ex rel.* v. *Sturtevant*, 9 N. Y. 263; *A. C. Bank* v. *Schermerhorn*, 9 Paige, 372; *Bond* v. *State*, 68 Miss. 648; *Gibbes* v. *Greenville*, 5 Car. 304; 9 Am. & Eng. R. R. Cas. 723; *F. & M. Bank* v. *B. & D. Bank*, 16 N. Y. 129; *Feeny* v. *P. F. Ins. Co.*, 2 Robt. 599; *Akin* v. *Blanchard*, 32 Barb. 527.)

Andrews, Ch. J. The principal question on this appeal arises upon the defense of the Statute of Limitations.

The defendant is the receiver of Augustus Baus & Co., a manufacturing corporation, appointed by an order or decree of the court made February 29, 1888, in proceedings under the statute for the voluntary dissolution of corporations. The complaint avers that the corporation has been dissolved and the averment is not denied in the answer. Construing this averment in connection with the statute under which the proceedings were instituted, which only provides for the appointment of a receiver as a part of the judgment for dissolution, it sufficiently appears that the defendant was appointed receiver on the final dissolution. (2 Rev. St. 468, § 65.) The powers of such a receiver are defined in the statute. By the 67th section such receivers are vested with all the estate, real and personal, of the corporation and they are declared to be " trustees of such estate for the benefit of the creditors of such corpora-

tion and of its stockholders." By the 68th section they are
declared to possess all the power and authority conferred by
law upon trustees to whom an assignment of the estate of
insolvent debtors may be made pursuant to the provisions of
the fifth chapter of the second part of the Revised Statutes.

The right of action on the notes was not barred on Febru-
ary 29, 1888, the date of the dissolution of the corpora-
tion and of the appointment of the receiver. The notes
matured between September, 1887, and March, 1888. This
action was not commenced until June 5, 1895, more than
six years after the last note became due. The lapse of time
would have barred an action on the notes against the corpora-
tion, if the corporation had continued in existence, and it is
insisted that the receiver stands in the place of the corpora-
tion and is entitled to interpose the bar of the statute as a
defense to the action, to the same extent that the corporation
might have done if it had not been dissolved, and it had been
sued upon the notes.

It is important to notice the real nature of the action. It is
in form an action upon the notes, and judgment has been
rendered thereon against the defendant in his representative
character. In fact it is an action to ascertain and establish the
status of the plaintiff as a creditor of the corporation, and as
such entitled to share in the distribution of its assets in the
hands of the receiver. The action was brought by permission
of the court. There could be no pretense that the defendant
was the debtor of the plaintiff or was personally liable upon the
notes. The statute authorizing proceedings for the voluntary
dissolution of corporations prescribes a method for ascertain-
ing the claims of creditors and for a reference in case claims
are disputed. But this method is not, we conceive, exclusive.
The court may, nevertheless, when in its judgment it is
proper so to do, authorize an action to be brought against the
receiver who disputes the validity of a claim, so that the
matter may be more deliberately examined and determined
than in the summary method authorized by the statute. But
whether the validity of a claim is ascertained by a summary

reference or by action, the purpose of each proceeding is the same, to procure an adjudication for the guidance of the receiver in administering the estate of the corporation.

If the six years' Statute of Limitations would not have barred the allowance of the claim in a proceeding under the statute, it is not a bar to an action brought against the receiver for the same purpose. The action, we repeat, is not in a proper sense an action brought on obligations evidenced by the notes, but to ascertain whether the plaintiff was a creditor by reason thereof, entitled to share in the distribution of the estate of the corporation. It is undisputed that on the 29th of February, 1888, the date of the dissolution of the corporation, the notes were valid, subsisting, enforceable claims against the corporation. By the ancient common law, on the civil death of a corporation, its debts were extinguished and its property reverted to its grantor or was vested in the king, to the exclusion of creditors. (Angell & Ames on Corp. § 779.) This rigorous and inequitable doctrine came, in time, under the benign influence of courts of equity, to yield to the juster view that, upon the dissolution of a corporation, its property became a trust fund for the payment of creditors and stockholders. This principle is incorporated into the statute for the voluntary dissolution of corporations in section 67, to which reference has been made. The estate is vested in the receiver for the "benefit of the creditors of such corporation and of its stockholders." The plaintiff was included in this class, and upon the appointment of the receiver he held the property of the corporation upon an express trust declared in the statute itself, for the common benefit of the plaintiff and other creditors. It was not a trust for the then ascertained creditors, but for all who should establish their status as creditors in the due course of the administration of the trust. The receiver did not hold the estate of the corporation adversely to the creditors or any of them. It was not a trust imposed upon the receiver by reason of misconduct. It was voluntarily assumed by him as the officer of the court which appointed him. His sole interest and duty was to administer the fund and property for the

benefit of all existing creditors in obedience to the prescriptions of the statute and subject to the supervisory jurisdiction of the court.

The limitation of six years applicable to actions on contract is not an answer to the claim of the plaintiff in this proceeding. It is not set up by the debtor. The dissolution of the corporation made a suit and judgment against the corporation impossible. (*Hardman* v. *Sage*, 124 N. Y. 25 ; *United Glass Co.* v. *Vary*, 152 id. 124.) The defendant, as we have said, is a trustee appointed by the court for the administration of the property of the corporation for the benefit of all its creditors, including the plaintiff, and the authorities are decisive that the statute does not run in favor of the trustee against claims not barred at the time of the appointment so long as the trust is open and continuing and has not been repudiated or denied. (*Lammer* v. *Stoddard*, 103 N. Y. 672 ; *Zebley* v. *F. L. & T. Co.*, 139 id. 461.) The rule is different in case of implied or constructive trusts forced upon the conscience of a party as a means of preventing the consummation of a wrong. (*Lammer* v. *Stoddard, supra ; In re Leiman*, 32 Md. 225.) In the case of express and admitted trusts the possession of the trustee is not hostile or adverse to the claim of the *cestui que trust* and is consistent with the continuing recognition of the trust relation until that relation is distinctly disclaimed. The cases arising in bankruptcy or under the insolvent laws of a state are numerous to the effect that from the time of the institution of the proceedings and the appointment of an assignee or trustee in bankruptcy or insolvency, the running of the statute is suspended as to claims not then barred, and that the assignee or trustee cannot resist payment because more than the statutory period for bringing an action on the claim has elapsed before payment was demanded. (*Ex parte Ross*, 2 Glyn & Jameson, 46, 330 ; *Minot* v. *Thacher*, 7 Met. 348 ; *Parker* v. *Sanborn*, 7 Gray, 191 ; *Von Sachs* v. *Kretz*, 72 N. Y. 548, 556 ; *In re Leiman, supra*.) The case of the appointment of a receiver for the final winding up of the estate of a dissolved corporation is plainly within the

64

reason upon which the authorities cited proceed. (See *Kirk-patrick* v. *McElroy*, 41 N. J. Eq. 555.)

There are many cases of trust within the comprehensive meaning of that term where there is a concurrent, legal and equitable remedy. In such cases the general rule is that if the legal remedy is barred the equitable remedy is barred also. (*Kane* v. *Bloodgood*, 7 John. Ch. 90.) An executor or administrator is in a proper sense a trustee for creditors and persons interested in the estate of the decedent, as legatees or next of kin. The executor or administrator may, although a trustee, interpose the Statute of Limitations as a defense to an action to recover a debt not barred at the death of the decedent. This right is recognized by statute. It is the policy of the law regulating the settlement of estates of decedents that claims should be presented and adjusted without unreasonable delay. The executor or administrator is the representative of the decedent, and is entitled to make all defenses which the testator or intestate could have made if living. There is little analogy between a person standing in such a relation and the position of a receiver of the estate of a dissolved corporation, appointed as the officer and agent of the court to get its assets and distribute them among its then existing creditors. We think the defense of the Statute of Limitations was properly overruled. The judgment establishes the claim of the plaintiff, but the plaintiff acquires thereby no preference over other creditors. (*In re Waterbury*, 8 Paige, 380.)

We are also of opinion that the waiver of protest of the notes indorsed by the corporation, made by Baylies, in his character both as receiver and as secretary and treasurer of the corporation, was valid; for reasons which are sufficiently stated in the opinion below.

We find no error in the record requiring a reversal of the judgment, and it should, therefore, be affirmed, with costs.

All concur, except GRAY, J., absent.

Judgment affirmed.