GEORGE H. ENGELHARD, receiver of Schroeder & Rogers, complainant-appellant,

*v.*

GEORGE J. SCHROEDER, MAY D. SCHROEDER and MORRIS ROGERS, defendants-respondents.

[Submitted November 25th, 1920.  Decided February 28th, 1921.]

1. Grounds of objection to a decree not presented in the court below, or set forth in the petition of appeal, need not be considered by a court of review.

2. An assignment after the dissolution of a firm by one partner without the consent of the other partner of specific accounts due the firm to a creditor of the firm is valid.

3. In equity the running of the statute of limitations against the obligations of a partnership is suspended pending proceedings by a receiver of the partnership for settlement of the partnership affairs.

On appeal from a decree of the court of chancery.

*Messrs. Coult & Smith,* for the appellant.

*Messrs. Ziegner & Lane* and *Messrs. McCarter & English,* for the respondents.

The opinion of the court was delivered by

KATZENBACH, J.

This is an appeal from a decree in chancery. George F. Schroeder and Morris Rogers were partners in a business conducted in the city of New York. The partnership agreement expired on December 1st, 1917. May D. Schroeder, the wife of George J. Schroeder, had advanced to the partnership and to a preceding partnership, in which Schroeder and Rogers were members, upwards of $8,000. On January 5th, 1918, Schroeder assigned to his wife accounts due the firm to the amount of $20,000 as security for the firm's indebtedness to her.   On January 19th, 1918, Rogers instituted in the supreme court of New York an action against Schroeder for the dissolution and liquidation of the firm. In this suit a receiver was appointed. The New York receiver, for the reason that Mr. and Mrs. Schroeder resided in New Jersey, filed in the court of chancery of this state a bill making May D. Schroeder, Schroeder and his former partner, Rogers, parties defendant. The purpose of the bill was to set aside the assignment of the firm's accounts to Mrs. Schroeder. The bill alleged that the assignment was void; that the advances of Mrs. Schroeder were not to the firm but to her husband; that the assignment was made to hinder creditors, especially one Pirosnick, to whom the firm was largely indebted; that by reason of the conflicting claims of Mrs. Schroeder and the complainant, the firm's debtors were refusing to make payments of their accounts.

Mrs. Schroeder filed an answer to the bill denying its allegations, and also filed a counter-claim against the complainant, alleged the collection by him of accounts due her and praying that he account to her for these collections.   Schroeder filed an

answer denying the allegations of the bill. Rogers, by answer, admitted the matters set forth in the bill and joined in its prayers. A New Jersey receiver was then appointed, who proceeded to collect the accounts previously assigned to Mrs. Schroeder. After hearing testimony the vice-chancellor held that Mrs. Schroeder had advanced the moneys to the firm and not to her husband, reserved the question as to the validity of the assignment for further consideration, and made a reference to a special master to ascertain the amount due Mrs. Schroeder. The special master reported that there was due to Mrs. Schroeder the sum of $9,327.18 (intending to report as the correct amount $8,-327.18), of which $1,800 should not be paid until Mrs. Schroeder had discharged the liability of the firm upon a note for this amount. To this report exceptions were taken by the complainant. These exceptions were heard by an advisory master (the former vice-chancellor) and tentatively overruled. At this time the advisory master did not decide the question as to the validity of the assignment by Schroeder to his wife. Subsequently, the advisory master permitted additional testimony to be taken on the question of the validity of the assignment and then in final conclusion overruled all of the exceptions to the master's report which he had previously tentatively overruled and confirmed the findings of the master. The advisory master had further found that Pirosnick, under his agreement with Schroeder and Rogers, was a partner, and that the assignment of January 5th, 1918, of the firm's accounts to Mrs. Schroeder was valid. The advisory master also held that if the moneys collected from the accounts by the New Jersey receiver were insufficient to pay Mrs. Schroeder that the deficiency should be paid her by the complainant from the moneys he had obtained from the accounts. From the final decree embodying these findings the complainant has appealed.

The first ground of appeal is, that the court of chancery could not make a decree affecting the question of the title to the partnership property or determine the amount due Mrs. Schroeder, as Pirosnick was not a party to the suit.

We think there is no merit in this contention. It is not raised by Pirosnick, but by the complainant, who took no exception to

the master's finding. The complainant could have made Piros-nick a party if he had so desired. He did not do so. He cannot reverse a decree for an omission for which he is responsible. If Pirosnick had been made a party it would have in no way changed the result as to the right of Mrs. Schroeder as a credi-tor. Pirosnick took part in the proceedings, testified before the special master and court, and his personal counsel was present at the proceedings. He could have been admitted as a party upon his application. Moreover, this is not a ground for reversal set forth in the petition of appeal, and was not raised in the court below. It need not be considered here. *Boice* v. *Conover, 63 N. J. Eq. 273.*

The second ground of appeal is, that the assignment to Mrs. Schroeder of the accounts is void. The assignment was made in New York State and is governed by the law of that state. The appellant argues his appeal on this point upon the theory that the assignment to Mrs. Schroeder was an assignment of all the firm's assets, and could not legally be made by one partner. That the assignment is one of all the firm's assets is not the fact. The bill of complaint filed by the appellant admits there were assets of the firm other than the accounts which were assigned to Mrs. Schroeder. The authorities cited by the counsel for the appellant, to the effect that one partner cannot make a general assignment of all the firm's assets for the benefit of creditors are, therefore, not applicable. The following New York cases uphold the right of one partner after dissolution of the partnership to assign to a creditor firm assets without the consent of the other partner: *Mobbett* v. *White, 12 N. Y. 442; Bennet* v. *Buchan, 61 N. Y. 222; Lofters* v. *Benjamin, 122 N. Y. Supp. 275; Loeschigk* v. *Halfield, 51 N. Y. 660; Bulger* v. *Rosa, 119 N. Y. 459.*

The law of New Jersey is to the same effect. *Davis* v. *Megroz, 55 N. J. Law 427; Nathan* v. *Bacon, 75 N. J. Eq. 401.* In our opinion the assignment of the accounts to Mrs. Schroeder was valid.

The third ground of appeal relates to the allowance to Mrs. Schroeder of a sum of $1,800 represented by a promissory note for that amount made by the former firm upon which she was

an endorser and held by one Morris, upon the condition that the note be paid by Mrs. Schroeder. The contention is now made that since the litigation over the partnership affairs began the note has been barred by the statute of limitations. The note was dated September 5th, 1913, and the final decree in this suit made August 13th, 1920. The appellant insists that this item for this reason should be eliminated. This contention is inequitable. The holder of the note appeared in the proceedings, produced the note, evidence regarding it was taken before the special master and court, and the special master reported on it, and his report was confirmed by the advisory master. The holder of the note had every reason to believe that the proceedings were to result in payment of the obligation he held, and payment would have been made had it not been for the action of the complainant in instituting the present proceeding. In *Kirkpatrick* v. *McElroy, 41 N. J. Eq. 539*, this court, speaking through Mr. Justice Depue (afterwards chief-justice), with reference to the running of the statute of limitations, said:

"The suit being brought for the enforcement of a legal right, with respect to which the statute of limitations would be a bar in a court of law, the statute will be available in bar of relief in a court of equity (*McClane* v. *Shepherd, 6 C. E. Gr. 76; Knox* v. *Gye, L. R., 5 H. L. 656, 674*), unless the running of the statute was suspended by the proceeding in the court of chancery for the settlement of the partnership affairs. As a general rule, the mere appointment of a receiver to take charge of property in dispute will not suspend the operation of the statute (*Anon., 2 Atk. 15*) nor will it interrupt the possession of a stranger so as to prevent the statute conferring title on him, or suspend the running of the statute against a stranger. *Harrisson* v. *Duignan, 2 Dru. & War. 295; Kerr Rec. 172*. But where the receiver is appointed to take charge of an estate for the purpose of administering it, as, for instance, the settlement of the affairs of a partnership and the payment of firm debts, the suit being substantially for the benefit of all the creditors, in analogy with an ordinary creditors' bill, the appointment of a receiver with such powers will suspend the running of the statute (*Sterndale* v. *Hankinson, 1 Sim. 393, 398; Wrixon* v. *Vize, 3 Dru. & War.*

*104*); and the lapse of time before proceeding against the receiver in the court by which he was appointed will be regarded only on the question whether the creditor has been guilty of laches in delaying the prosecution of his demand."

We are of the opinion that under the circumstances of the present case the note is not barred by the statute of limitations.

The fourth ground of appeal is, that Mrs. Schroeder did not advance to the partnership of Schroeder & Rogers all of the moneys found by the decree to be due her, but some of the moneys were advanced to a former partnership composed of Schroeder, Rogers and one Abramowitz. The contention is made that the assets of the firm of Schroeder & Rogers cannot be used to pay the debts of the former partnership, of which Abramowitz was a member. This objection to the decree below urged in the brief filed by the appellants is not made a ground of appeal, and appears not to have been brought to the attention of the court below. It, therefore, requires no consideration here. *Boice* v. *Conover, 63 N. J. Eq. 273; Cumberland Lumber Co.* v. *Clinton Manufacturing Co., 57 N. J. Eq. 627; Insurance Co.* v. *Semple, 38 N. J. Eq. 575.*

The fifth ground of appeal is, that the court erred in directing the complainant to pay to the receiver appointed by the court of chancery the amount collected by him from the accounts assigned to Mrs. Schroeder. We see no error in the decree in this respect. The New York receiver admitted he had collected a number of the accounts included in the Schroeder assignments. He voluntarily came into this jurisdiction and submitted to the court the question of the validity of the assignments and the amount due Mrs. Schroeder. The court was perfectly within its rights to embody in its decree the payment to Mrs. Schroeder of the amount collected by the complainant from the accounts which at the request of the receiver the court had determined belonged to Mrs. Schroeder. Mrs. Schroeder was put to the expense of this litigation by the action of the complainant, and it was proper for the court to afford her the protection it could from further litigation by disposing of all the questions relating to the accounts and the disposition of the moneys derived therefrom.

This disposes of the questions raised in the petition of appeal The decree will be affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, GARDNER, ACKERSON—9.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, MINTURN, HEPPENHEIMER, WILLIAMS—5.