IRMA HAAS,

*vs.*

SINALOA EXPLORATION AND DEVELOPMENT COMPANY,
a corporation of the State of Delaware.

*Kent, Nov.* 18, 1930.

*James L. Wolcott*, for receiver.

*James H. Hughes*, for claimants.

*Paul Jones*, of New York City, for ancillary receivers appointed by the Supreme Court, City of New York.

THE CHANCELLOR. A receiver was appointed by this court for Sinaloa Exploration and Development Company on the ground of insolvency, under the provisions of *Section* 3883, *Revised Code* 1915. In *Mackenzie Oil Co. v. Omar Oil & Gas Co.*, 14 *Del. Ch.* 36, 120 *A.* 852; *Id.*, 13 *Del. Ch.* 307, 119 *A.* 124, it was observed that the decree of the court appointing a receiver under the statute has the effect of transforming the assets of the corporation into a fund to be held in the nature of a trust for the creditors and stockholders. The appointment of a receiver in such case does not however work a dissolution of the company. The court may discharge the receiver and turn the assets back to the corporation, as has been, though not often, done; or, as is usually the case, it may reduce all the assets to cash and distribute the proceeds among the creditors and stockholders according as their rights appear. But in neither event is the corporate existence terminated by the receivership decree.

In the instant case, the defendant company was in such a hopeless situation that liquidation of its assets and a distribution of their proceeds is the outcome which the court deemed the most equitable to effect. And so in the usual course, the cause is at the stage where settlement and allowance of claims is in order.

The question of whether the claims in controversy should be compromised turns on only one point; for though others have been advanced for consideration, they do not appeal to me as sufficiently meritorious to weigh against the proposed compromise.

The one point which the answer to the receiver's request for instructions on the proposed compromise depends, is whether or not the statute of limitations is a bar to the claims.

The fact is that the claims in question were not barrable by the statutory period of limitations at the time the receiver was appointed on November 5, 1925. The further fact is that owing to receivership proceedings in the State of New York, all the assets of the defendant were in *custodia legis* in that jurisdiction. It was not known whether any assets would ever come into the possession of the receiver in this jurisdiction where the corporation is domiciled. Accordingly, notice to creditors under the rules of this court to prove claims was withheld. When it appeared that assets in the form of cash would be remitted to the receivership here for administering, creditors were then notified to file and prove their claims. Various extensions of time were granted for the filing of claims in pursuance of the settled practice of this court to grant such extensions at any time prior to the order of distribution with due regard to the convenience of administration. The claims in controversy were filed within the time allowed by the court's order, and the receiver thereupon filed exceptions, first denying liability on the merits and secondly, setting up the bar of the statute of limitations.

Upon the question of the merits, I need say nothing more than if that were the sole question, there is enough of doubt concerning the receiver's ability to overcome the claimants' apparent status as creditors in the amounts claimed to justify the proposed compromise.

If however the statute of limitations is a bar available to the receiver, then the claims, regardless of their merits, can be defeated and so would present no compromising aspects.

Is then the statute of limitations available to the receiver against these claims which, at the time of the receiver's appointment, were not barrable by the statute? The manner in which the question has been presented on the briefs makes its answer depend on whether the appointment of a receiver interrupts the running of the statute. The argument in favor of the continued running of the statutory period notwithstanding the existence of the receivership is based on the contention that, though the receiver could not have been sued on the claims without the consent of the court appointing him, yet there is nothing in the nature of the receivership which would have prevented suit on the claims against the corporation and therefore there was no disability on the part of either the creditor or the debtor corporation which would interfere with the running of the statutory period. It is true that the saving clauses of our statute do not cover the contingency of a receivership. It is further true that as a general proposition, while statutes of limitations are in terms applicable to actions at law, yet a court of equity will apply the terms of the statute in bar of a purely legal right which happens to be drawn into its cognizance where, had the action been at law, it would have been barred there. *Perkins v. Cartmell's Adm'r.*, 4 *Har.* 272, 42 *Am. Dec.* 753; *Dodd, Adm'r., v. Wilson*, 4 *Del. Ch.* 399. It is doubtful, however, if this principle is applicable here for when we consider the nature of the receivership proceedings and the effect of a decree therein as impressing upon the assets a sort of trust character, especially when the court is proceeding to administer them very much as though there had been an assignment for the benefit of creditors, there is strong reason to take the view that the subject of the applicability of the statute of limitations is to be governed by equitable considerations in contradistinction to strict legal rules.

The text book authority to which my attention has been called as supporting the proposition that a receivership will not interrupt the running of the statute of limitations does not appear to be in conflict with this view. *High on Receivers*, (4th Ed.) at

§ 184, states the rule to be that "the appointment of a receiver over an estate or property does not alter or affect the rights of parties as regards the operation of the statute of limitations." The sort of receivership we are here concerned with is not of the type of the ordinary custodian receiver to which type I assume the quotation from High refers.

The claimants contend that a case of this sort is analogous to cases of assignments to trustees for the benefit of creditors, and that the authorities which hold in such cases that the making of the assignment will stop the running of the statute, are in principle applicable to the instant case. Among the cases involving assignments which have been cited are *Willard v. Clarke*, 7 *Metc.* (*Mass.*) 435; *Minot, et al., v. Thacher, et al.*, 7 *Metc.* (*Mass.*) 348, 41 *Am. Dec.* 444; *Parker v. Sanborn*, 7 *Gray* (*Mass.*) 191; and *In re Insolvent Estate of Conrad Leiman*, 32 *Md.* 225, 3 *Am. Rep.* 132. Those cases, however, are to be read in the light of the statutory provision which is found in each of them, viz., that after the assignment the debtor was discharged from liability and therefore exempted from suit. The significance of such a statutory provision is that a disability both to sue at law and to be sued exists, and so a case of invincible necessity arises which even at law exempts the action from the bar of the statute. *Hill v. Phillips*, 14 *R. I.* 93. Therefore it might be said that the cases which have just been cited are distinguishable from the instant one where, so long as the creditor is at liberty to sue the corporation, no such disability giving rise to an invincible necessity exists. In the Pennsylvania case of *Heckert's Appeal*, 24 *Pa.* 482, however, where there had been an assignment by a debtor to a trustee for the benefit of creditors, the proposition is laid down generally that such an assignment interrupts the running of the statute, on the ground that the assignment creates a trust to which the statute has no applicability. The report of this case does not disclose whether the Pennsylvania statute governing assignments for the benefit of creditors discharges the debtor from liability as in the cases above cited from Massachusetts and Maryland. I gather from a statement made in the report of the arguments, however, that the Pennsylvania statute is similar in that regard to our own statute and effects

no discharge of the debtor from liability. If so, the analogy of the Pennsylvania case therefore supports the claimants' view in this one.

The case of *Ludington v. Thompson*, 153 *N. Y.* 499, 47 *N. E.* 903, affirming 4 *App. Div.* 117, 38 *N. Y. S.* 768, cited by the claimants, is not precisely analogous, for there, unlike the case here, the appointment of the receiver worked a dissolution of the corporation, and the creditor was accordingly disabled from suing at law. It is however in point upon the proposition that in administering a receivership estate, the court will not allow the period of the receivership to be reckoned in calculating the time for the running of the statute of limitations.

In the case of *Kirkpatrick v. McElroy*, 41 *N. J. Eq.* 539, 7 *A.* 647, 649, the court said:

"As a general rule, the mere appointment of a receiver to take charge of property in dispute will not suspend the operation of the statute (*Anon.*, 2 *Atk.* 15), nor will it interrupt the possession of a stranger so as to prevent the statute conferring title on him, or suspend the running of the statute against a stranger (*Harrisson v. Duignan*, 2 *Dru. & War.* 295; *Kerr, Rec.* 172). But where the receiver is appointed to take charge of an estate for the purpose of administering it, as, for instance, the settlement of the affairs of a partnership and the payment of firm debts, the suit being substantially for the benefit of all the creditors, in analogy with an ordinary creditors' bill the appointment of a receiver with such powers will suspend the running of the statute (*Sterndale v. Hankinson*, 1 *Sim.* 393, 398; *Wrixon v. Vize*, 3 *Dru. & War.* 104); and the lapse of time before proceeding against the receiver in the court by which he was appointed will be regarded only on the question whether the creditor has been guilty of laches in delaying the prosecution of his demand." Quoted with approval in *Englehard v. Schroeder*, 92 *N. J. Eq.* 663, 116 *A.* 717, 21 *A. L. R.* 957.

Similarly in *Cain v. Seaboard Air-Line Ry.*, 138 *Ga.* 96, 74 *S. E.* 764, 765, while the general rule is recognized and applied that the appointment of a receiver will not suspend the running of the statutory period of limitations, yet the court recognizes exceptions to the rule, "as, where an equitable suit is filed by one or more creditors and others who may come in, the statute of limitations will not run against any of the creditors who may come in." The bill upon which this receiver was appointed was filed on behalf of the complainant and all other creditors and stockholders and the claimants by filing their claims have come

into the cause and submitted their claims to the court's jurisdiction.

In view of what follows, it is unnecessary for me to decide whether the appointment of the receiver in this case stopped the running of the statute. I am inclined to think it did, in view of the fact that the proceedings have taken the course of a liquidation and distribution, for the benefit of creditors and stockholders, in which case the estate is to be considered as being administered on the principles applicable to trusts for the benefit of creditors.

The only consideration which occurs to me as militating against this view is whether or not, in cases of receiverships under the statute, where the assets are not distributed but turned back to the corporation, it would be held by the law courts that, in case of a subsequent suit by a creditor against the corporation, the period of the receivership would be counted in estimating the period of limitations. If not, then creditors who had forborne to sue during the receivership would be in danger at times of being penalized for their forbearance. That danger, if real, however could and should be obviated by an appropriate clause in the restoration order prohibiting the corporation from pleading the statute if to make the plea effective the period of the receivership needed to be counted.

But whatever might be the sound view to take with respect to the point dealt with in the foregoing discussion, I am convinced that the compromise should be made. The statute of limitations is a defense to be pleaded. Whether it will be availed of is for the debtor to determine. The receiver stands in the shoes of the debtor, and is subject to the court's orders. If it would be inequitable to plead the statute, the court will direct its receiver not to do so. *Lehigh Coal & Navigation Co. v. Central R. R. Co.*, 42 *N. J. Eq.* 591, 8 *A.* 648.

If the period of limitations continues to run inflexibly after a decree has been entered adjudging the debtor to be insolvent and appointing a receiver to take charge of its affairs, it is apparent that creditors, notwithstanding the decree is for their benefit, would nevertheless in case their claims were nearing the bar of the statute, be compelled to institute suits at law in order to protect themselves against the operation of the statute. Mani-

festly that would be an injustice to the creditors. A court of equity, if it were to countenance such a rule, would in substance be telling the creditors that the class suit which had been brought in their favor is after all a suit which would afford them no protection against the bar of time unless they looked after their individual interests in separate litigation at law. An invitation would be extended to them in one breath to submit their claims to the court's adjudication and in another they would be told that if they allowed the court too much time for its convenient administration of the estate, it would forbid them recognition on the ground of limitations unless they had resorted to the law courts for protective judgments against the corporation. At the same time the officers of the corporation, by reason of the terms of the usual decree in such cases, would have been deprived of all means of information and proof from books, records, etc., necessary to defend the suit brought against the company and of all the financial resources of the company with which to contest it. Furthermore, the receiver, if he learned of such suits, would be put to the diverting duty of defending suits at law which might just as well be and usually are in effect tried out when claims and exceptions thereto are filed in the receivership cause. I need not enlarge further upon the injustice to creditors and the great inconvenience to the due and orderly administration of receivership estates which would ensue if this court were to countenance a practice of allowing its receivers to set up a rule (assuming it to be justified as a legal proposition) which would insist upon the bar of limitations based in part upon the lapse of time occurring after the receiver's appointment. It seems to be so obvious as to be self-evident.

Accordingly, I conclude that even if the receiver has the technical right to plead the statute of limitations because of the lapse of time since the receivership, he ought not to do so. This court's action in adopting the discretionary procedure of liquidation and distribution of assets has in effect undertaken to treat the assets as a trust fund. Having done so, it ought to administer them accordingly. I know of no authority which would countenance the rule that where equity is administering a fund for the benefit primarily of creditors and secondarily of others, the time

which the court takes for the convenient administration of the estate should be allowed the effect of defeating the rights of any of the fund's beneficiaries.

The receiver will therefore be advised to enter into the compromise notwithstanding what might be the legal merits of the plea of the statute of limitations.

Order accordingly.