The receiver reports $9,708.24 for distribution. The receiver's allowance is fixed at $1,750 and his actual costs. The solicitor of the complainant is allowed $250 and his taxed costs. *Page 43 
The landlord's claim. The insolvent company's moving picture business was conducted in a theatre owned by "The 982 Broad Street Company," at that address in Newark, upon which it had a long term lease at $1,500 a month rental. The furnishings of the theatre belonged to the insolvent company. On November 8th last, the landlord distrained for rent for the months of August, October and November. The receiver allowed the claim for the first two months and for seventeen days in November, $3,850, because on November 18th the tenant surrendered the leasehold including the theatre contents to the landlord and it went into possession. The receiver was appointed December 3d, with orders to "refrain from interfering with the landlord's possession, but to investigate the landlord's status and report to the court." Thereupon counsel for the landlord requested the court to direct the receiver to sell the leasehold and theatre contents, the rent lien to attach to the proceeds. He was persuaded to this by the court's intimation that the surrender of the leasehold and the transfer of the furnishings were a fraud on creditors, and because the theatre was idle and he was anxious to clear the way for a new tenancy then being arranged. To accommodate him to a speedy conclusion an order to show cause on the creditors was taken and on the return day he consented to the sale and the property was sold, fetching $10,000. The landlord now claims for use and occupation by the receiver to the date of the sale, counsel's argument being that inasmuch as his client accepted the court's hint as law, that its position was vulnerable, and surrendered its right of title to the receiver without litigating the mooted question of fraud, the surrender should relate to the date of the receiver's appointment, though all the while the landlord was in actual possession, hostile and adverse to the receiver until counsel consented to the order of sale. Up until the order for sale there was no irrevocable surrender; the "housing" of the furnishings to that time was by the landlord under its title and for its own advantage. To compensate the landlord during its own occupancy would be to reward it for its contumacy. *Page 44 
From the date of the order for sale, the receiver may be regarded as constructively in possession and for that period he will be charged with the use and occupation at the rental rate. The report will be modified accordingly. The exception is overruled.
Al Sanders' claim for $917.04 wages was disallowed priority. He was engaged by the company and agreed to devote his entire time and efforts for one year, six days a week, eight hours a day, in the services it required as manager of benefit and organization affairs for which he was to be remunerated at a stipulated rate on all tickets sold to organization and benefit performances in the theatre. This was the claimant's sole occupation, carried on daily in and about the theatre from ten in the morning until midnight. Section 83 of the Corporation act provides that all persons doing labor or services of whatsoever character in the regular employ of such corporation shall have a first and prior lien upon the assets thereof for the amount of wages due to them for all labor, work and services done, within two months of the receivership proceedings. The claimant's services were as essential to the business and his compensation was as truly wages as were the ticket seller's at the door of the theatre; and the services were kindred, only he sold to groups while the latter sold to individuals, his compensation was fixed but uncertain, while the latter's was fixed and certain, but the uncertainty of enjoyment does not distinguish the one from the other as wages. He may appropriately be likened to what in factories is called a piece worker. He served the company and earned the commissions within the last two months of the company's existence and his claim is clearly within the protection of the Corporation act.Watson v. Watson Manufacturing Co., 30 N.J. Eq. 588.
Exception sustained.
Benjamin Mindlin's claim for $600 wages as assistant manager for six weeks next preceding the closing of the theatre was disallowed. The claimant admits he received regularly, weekly, $100 during the period of his employment, but he asserts that the proceeds of the weekly checks for the *Page 45 
last six weeks were again paid out by him for other employes' wages and for expenses of the company, the particulars of which he does not give. The checks paid his wages. If he again disbursed the money for the company, his extinguished preferential claim was not thereby revived. The claim was not presented in the alternative, for money expended, and there is no satisfactory proof that the check moneys were again spent for the use of the company. The receiver properly disallowed the claimin toto. Exception overruled.
Michael Mindlin's claim for $750 wages, as general manager, was correctly disallowed. He was president of the insolvent company and assuming that he was entitled to his salary, it appears that he took from the treasury of the company $751.51 and charged it to the account of another company which owed him money. That, of course, he had no right to do. The withdrawal of the funds was a proper set-off against his claim. Exception overruled.
The claim of Benjamin F. Isaacs for $1,250 is allowed. It is for professional services, the value of which had been agreed upon at $2,500 by the company before insolvency, of which one-half was paid. The receiver allowed $500. The account was stated. It was not up to the receiver to disregard it except for fraud and that is not shown. Exception sustained.
New Jersey Claude Neon Corporation claim $889.10 for rent of an electrical display and repairs to the same were allowed for $264.10. The lease was for sixty months at $125. The apparatus was to remain the property of the lessor and to be removed by it when the lease ended. At the time of the lease $625 was paid which was to be credited on the last five months' rent. In the meanwhile it was held as security. The rent having ceased upon the appointment of the receiver in insolvency (Stockton v. TheMechanics and Laborers Savings Bank, 32 N.J. Eq. 163; Klein v.W.A. Gavenesch Co., 64 N.J. Eq. 50), the security must be applied to the rent due. Butler v. Commonwealth Tobacco Co.,74 N.J. Eq. 423. Exception overruled. *Page 46