IRMA HAAS,

*vs.*

SINALOA EXPLORATION AND DEVELOPMENT COMPANY, a corporation of the State of Delaware.

*Kent, May* 3, 1931.

*Paul Jones*, of New York City, in *propria persona* and for certain stockholders exceptants.

*James L. Wolcott*, for receiver.

THE CHANCELLOR. A general exception is taken to all of the claims allowed by the master on the ground that they were

barred by the statute of limitations. The question presented by this general exception was considered and decided by me during the course of the master's proceedings. See *Haas v. Sinaloa, etc., Co., (ante p.* 253) 152 *A.* 216. I see no reason for departing from the principles announced in the opinion then filed. The general exception should therefore be overruled.

With respect to the master's findings on each claim, his report will be approved and the exceptions overruled. I have read the record and carefully considered the testimony bearing on each claim. I see no occasion for a detailed discussion of each of the claims.

With respect to a few matters, however, I am prompted to make the observations that follow.

First, as to the exception that the exceptant was denied the right to fully cross examine Mrs. Corless, one of the claimants. I do not find anything in the record to justify this exception. Mrs. Corless was in fact cross examined in behalf of the receiver. She was not cross examined by the exceptant. Her claim was set for hearing on June 3, 1930. The exceptant was not present on that day. In a letter addressed by him to the receiver, he stated that he would not be able to be present and that "besides we cannot safely proceed with the hearing on the Corless claim without books of the company which are still with Judge Churchill of our Supreme Court here (New York). I expect to be able to get these books by the end of next week," etc. Whereupon it was agreed by the parties present that the hearing on the Corless claim should proceed, and the right should be reserved to resume cross examination of the claimant in case the exceptant procured the books as expected. He never stated to the master or anyone else, so far as the record discloses, that he had secured the books, or that he desired to cross examine the claimant generally. He allowed the matter to drift, and the first appearance of any complaint that the right of cross examination had been denied to the exceptant was after the master had prepared and given notice of his draft report with copy thereof. Yet before the draft report was prepared, the master had notified the exceptant that December 9, 1930, was the day he had set for argument on the testimony bearing on all the claims. "On that date," the

master reports, "no application was presented to continue the cross examination of Mrs. Corless." It seems to me that it was incumbent on the exceptant to give notice that he desired to cross examine Mrs. Corless, if he did so desire, immediately upon the receipt by him of this notice and that the master was entirely justified in assuming that there was no desire to cross examine her. If the exceptant cared to cross examine her, it was his duty to say so. If he lost any right, it was not by deprivation, but because under the circumstances, the master was justified in concluding that the right was not desired to be exercised. When a right is reserved it is not the duty of a master to prod the re-server in order to find out if he desires to follow. it. Especially is it incumbent on the one for whom the reservation is made, when he discovers that the court or master is proceeding on the assumption that the right has been abandoned, promptly to call attention to the fact that the assumption is an erroneous one. This the exceptant failed to do when he got notice that arguments on the claims would be heard on December 9, 1930.

Second, as to the exception to the claim of Mr. Hughes for attorney's fees. The only ground upon which this exception is based is that the services rendered were not of the value claimed. The services were rendered before the receivership and the amount claimed as compensation was submitted to and approved by the board of directors of the corporation. There is no pretense that fraud induced the directors' approval. That being the situation, the case falls within the principle of *Nelkin v. Carencon, Inc.*, 108 *N. J. Eq.* 42, 153 *A.* 702, 704, decided March 7, 1931, by Vice-Chancellor Backes of New Jersey. He was dealing with a claim for professional services rendered by an attorney to an insolvent corporation prior to its receivership, and agreed upon by the company. The receiver objected to it as too large. The Vice-Chancellor said: "The account was stated. It was not up to the receiver to disregard it except for fraud, and that is not shown." The claim as agreed to by the company before the receivership was accordingly allowed in full. So here, every element of an account stated exists with respect to Mr. Hughes' claim, and hence there is no occasion for me to review the propriety of its amount.

Third, as to the claims of McSweeney and Francis, which were compromised and allowed by the master in the compromised amounts. Before the compromises were made, the receiver obtained a rule on all stockholders and creditors to appear on a certain day and show cause, if any they had, why the claims should not be compromised on a given basis. The exceptant appeared on the return day of the rule. He stated his opposition to the compromises to be based on the ground that the statute of limitations was a complete bar and so no compromise should be entered into; but if he was wrong in his view of the legal effect of the statute, and the proposed compromises were viewed solely in the light of the merits, while he would not agree to them, yet he would enter no opposition. I filed an opinion (*ante p.* 253, 152 *A.* 216) removing the statute of limitations as a factor in the situation, and authorizing the compromises. The receiver admitted that he was not in possession of evidence capable of rebutting the company's own books and records, which appeared to support the claims. The compromises therefore appeared highly advisable if the statute of limitations was out of the case. The exceptant, while not willing to agree to this view, nevertheless stated as before noted he would not take the position of opposition to it. Now he comes forward much to my surprise and actively opposes the compromises on the ground that they are "improvident and unwarrantable." There is nothing whatever in the record to justify this sort of implied designation of the receiver's act in recommending the compromises and in thus directly characterizing the order of this court in authorizing them. I consider that the exceptant either was most remiss in specifically withholding opposition to the compromises on the return of the rule, or is now trifling with the court. At all events the exceptant showed nothing on the return of the rule and points to nothing in the record, which justifies his present exception.

The foregoing covers all that need be particularly noticed in connection with the exceptions. The exceptions will be overruled and the master's report confirmed.

Let an order be entered accordingly.