MACKENZIE OIL COMPANY, a corporation organized and existing under the laws of the State of Delaware,

*vs.*

OMAR OIL & GAS COMPANY, a corporation organized and existing under the laws of the State of Delaware.

*New Castle, Nov. 22. 1922.*

Under Court of Chancery *Rules* 33, 34, authorizing the filing of interrogatories with the bill or "at any time, by leave of the Chancellor," application in the latter case to state the reasons for not having sought discovery otherwise, complainant's application, made shortly after filing of answer, was not too late; his reason given for not applying before answer being that he did not know to what extent defendant would admit the allegations of the bill.

Under Court of Chancery *Rule* 34, providing that either party may file interrogatories for the discovery by the opposite party of facts and documents in the other's possession containing evidence material to the support or defense of the cause, complainant's interrogatories must be confined to matters supporting his cause of action, and may not extend to the ground of defense.

*Herbert H. Ward*, of the firm of Ward, Gray & Neary, for the complainant.

*Caleb S. Layton*, of the firm of Marvel Marvel, Layton & Hughes, for the defendant.

THE CHANCELLOR. The bill is for a receiver on the ground of insolvency under *Paragraph* 3883, *Revised Code* 1915. The defendant filed an answer denying the insolvency and denying also that the complainant is a creditor. The defendant, in addition to the filing of an answer, filed a cross bill which prays that certain notes given by the defendant company to the complainant, and which the bill relies upon as constituting the debt to it from the defendant, may be cancelled and surrendered to the defendant because of fraud in their procurement.

After the answer and cross-bill had been filed, the complainant petitioned for leave to file interrogatories under *Rule* 34 of this court. Leave was granted subject to the reservation agreed to by solicitors for both sides, that the defendant might later raise the objection that the petition for leave to file the inter-

rogatories came too late under the rule. The defendant, thereafter, raised this objection and at the same time filed numerous exceptions to the interrogatories.

These matters are now before the court, and they call for a decision of two points, viz.: (1) Was the complainant too late in petitioning for leave to file interrogatories? and (2) if not, are the exceptions to the interrogatories well taken?

1. *Rules* 33 and 34 provide that interrogatories may be filed with the bill (as was the practice before the rule) or "at any time, by leave of the Chancellor." In the latter case—that is to say, if they are filed after the bill—the "application therefor shall be by petition duly verified stating fully the reasons for not having sought discovery otherwise."

The petition making the application in this case states as the reason for not seeking leave to file interrogatories until after the answer had come in, the fact that the complainant, until then, did not know to what extent the defendant would admit the allegations of the bill, and that, therefore, it could not, until then, be known to what extent the complainant would desire to interrogate the defendant. Very shortly after the defendant answered and had thus advised the complainant of the extent to which the matters alleged in the bill were controverted, the petition for leave to file the interrogatories was presented. The defendant contends that the reason given is not sufficient.

I am constrained to disagree with this contention. In many cases it would appear to be highly reasonable to await the coming in of the answer before filing interrogatories for the simple reason that the interrogatories, if filed before the answer, might, in view of the admissions of the answer when it comes in, prove to have been wholly unnecessary.

Before the adoption of the present rules the interrogatories of course always accompanied the bill. To allow them to be filed now as late as after the filing of the answer, is a reversion to the practice which governed under the civil law, from which and its derivative the canon law, Chancery procedure is generally regarded as having been borrowed, and by which the machinery of interrogatories was invented. For under that law, it was not in order to file interrogatories until after the defendant had put in his con-

testations or negations of the positions or narrative of the plaintiff's case. Though this was so under the civil and cannon law, yet Chancery in borrowing therefrom the procedure of interrogatories refused to follow this practice, but adopted the rule of requiring the interrogatories to be embodied in or to accompany the bill.

It would appear, however, as before noted, that it is not unreasonable to permit the interrogatories after answer filed. In this regard the old civil law procedure seems to have been founded on sound considerations. The equity rules adopted for the federal courts expressly recognize the right of the plaintiff to file interrogatories after answer filed. Indeed, he is allowed such right as a matter of course within twenty one days after the joinder of issue. *Rule* 58, *Federal Equity Rules* (198 *Fed.* XXXIV, 115 *C. C. A.* XXXIV). This rule, while not, of course, governing in this court, nevertheless is strongly persuasive of the reasonableness of the contention that the plaintiff in this case has set up a good reason for not presenting his petition for leave to file interrogatories until after the answer was filed.

In consideration of the foregoing views the conclusion is that the complainant should have leave to file interrogatories, notwithstanding the application comes after the defendant has answered, there having been no unreasonable delay since the answer was filed.

2. This has to do with the exceptions to the interrogatories. Because of the turn which the argument on the exceptions has taken, it will not be necessary for me to pass upon specific exceptions at this time. It appears that many of the complainant's interrogatories are addressed solely to inquiring into matters that have to do, not with the complainant's cause of action, but with the defendant's ground of defense. With respect to interrogatories of this character, the defendant contends that they should not be allowed.

Before the adoption of the present rules, it was well settled that interrogatories had to be founded on matters contained in the bill. *Story's Equity Pleading,* (*6th Ed.*) § 36. That is to say, the complainant could interrogate the defendant only for the purpose of supporting his own cause of action. Professor Pomeroy,

in. *Section* 201 of the first volume (*4th Ed.*) of his treatise on *Equity Jurisprudence*, uses the following language:

"The fundamental rule on this subject is that the plaintiff's right to a discovery does not extend to all the facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action; it does not enable him to pry into the defendant's case, or find out the evidence by which that case will be supported."

This correctly expresses the general principle prevailing in equity procedure as governing the nature and extent of the discovery which the complainant was entitled to require of the defendant. Unless the rules of this court, effective May 15, 1917, have altered the old practice as thus expressed, the interrogatories. by which the complainant seeks to inquire into the defendant's ground of defense, cannot be allowed.

The question, therefore, is whether the present. rules have introduced a change in the practice. The subject of "interrogatories" is covered by *Rules* 33, 34 and 35 of this court. I conceive that *Rule* 34 is the only one with which we are concerned in answering this question.

That rule, in substance, and very largely in verbiage, follows the language of *Federal Equity Rule* 58. It appears to have been patterned after that rule. *Rule* 34 of this court contains, *inter alia*, the following:

" * * * Either party to a cause may at any time by leave of the Chancellor, file interrogatories in writing for discovery by the opposite party, or parties, of facts and documents in the possession of the other party containing evidence material to the support or defense of the cause. * * *

"The Chancellor, upon motion and reasonable notice, may make all such orders as may be appropriate to enforce answers to interrogatories, or to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary. Any party failing or refusing to comply with such an order shall be liable to attachment, and shall also be liable, if a complainant, to have his bill dismissed, and if a defendant, to have his answer stricken out and be placed in the same situation as if he had failed to answer."

Similar provisions appear in *Federal Equity Rule* 58 in almost the same language. Our rule was manifestly suggested by the federal rule. The federal rule has been the subject of interpretation

in several federal cases, the most pertinent of those called to my attention being *J. H. Day Co. v. Mountain City Mill Co.*, (*D. C.*) 225 *Fed.* 622, and *Speidel Co. v. Barstow Co.*, (*D. C.*) 232 *Fed.* 617. In the former case Judge Sanford, after quoting that portion of *Federal Rule* 58 which corresponds to the above portion of our *Rule* 34, said:

"After careful consideration I think it clear that the fifty-eighth equity rule was intended merely to change the procedure in reference to obtaining discovery and to extend this right to a defendant as well as to a plaintiff, and was not intended to change the long established rule in reference to the subject matter of such discovery or to extend such right in favor of either party beyond the matters relating to his own ground of action or defense, respectively, and enable him to obtain discovery in reference to matters relating solely to the ground of action or defense of the other party. In other words, under this rule the plaintiff's right of discovery extends only to facts resting in the knowledge of the defendant or documents in his possession material to the support of the plaintiff's case, and the defendant's correlative right of discovery only to facts and matters material to his defense, and neither is entitled to discovery of an inquisitorial character as to the ground of action or defense of the other, although, as theretofore, the right to such discovery as to matters material to the cause of action or defense of the interrogating party will not be defeated by the fact that such matters also involve the ground of defense or action of the interrogated party."

Because of the similarity between *Rule* 34 and the *Federal Rule* 58 this language is directly in point. I accept the views thus expressed as applicable in the construction of *Rule* 34 of this court. They appeal to me to be well supported by reason and correctly expressive of the purpose which the rule was designed to serve. It is true that in *Quirk v. Quirk,* (*D. C.*) 259 *Fed.* 597, Judge Trippet by way of obiter announced views not in harmony with the conclusion in *J. H. Day Co. v. Mountain City Mill Co., supra.* But it is to be noted that he conceded that the cases are generally contrary to the views entertained by him.

The complainant being thus advised of the court's view as to the construction of *Rule* 34, leave is granted to withdraw the interrogatories heretofore filed, and the complainant may thereafter file new interrogatories, culling from the present ones those interrogatories which are conceded to be manifestly improper under the construction of the rule herein adopted. This is in accordance with the agreement of the solicitors for both parties.

If exceptions to the new interrogatories are filed, they will then be heard with the ground of the argument cleared to the extent of the question herein disposed of.