ROBERT ADAIR *v.* HONORABLE JAMES PENNEWILL, Chief Justice; HONORABLE CHARLES S. RICHARDS, Associate Judge; HONORABLE RICHARD S. RODNEY, Associate Judge, and the SUPERIOR COURT OF THE STATE OF DELAWARE, in and for New Castle County.

. (*November,* 1930.)

WOLCOTT, Chancellor, RICE and HARRINGTON, J. J., sitting.
*Robert Adair,* in propria persona.
*Clarence A. Southerland,* contra.
Supreme Court, June Term, 1930.

Wolcott, Chancellor, delivering the opinion of the court:

This court is given jurisdiction by the Constitution (*article* 4, § 12, par. 5)

"to issue writs of prohibition, certiorari and mandamus to the Superior Court * * * or any of the judges of the said courts, and all orders, rules and processes proper to give effect to the same."

The writ of mandamus prayed for in this case seeks to have this court sit in review of disbarment proceedings in the court below. In general, it is the office of a writ of error to secure to a party the right of review. The writ of mandamus, however, has been employed to secure this right in disbarment cases. *State v. Kirke*, 12 *Fla.* 278, 95 *Am. Dec.* 314; *Ex parte Bradley*, 7 *Wall.* 364, 376, 19 *L. Ed.* 214. In these cases the right to the writ was expressly predicated on the fact that inasmuch as an order of disbarment was not such a judgment as was reviewable in the deciding jurisdiction by a writ of error, the aggrieved party would be left without a right of review in a matter of vital importance to himself, a right which he ought in justice to have, unless the writ of mandamus was available to him. Accordingly the reviewing court allowed the writ as an incident to the exercise of its appellate jurisdiction. The propriety of the writ as a means of reviewing disbarment proceedings where a writ of error will not lie, was recognized in the opinion in *State v. Shumate*, 48 *W. Va.* 359, 37 *S. E.* 618, cited by the petitioner. The opinion in that regard, however, was the opinion of one judge only, the case being on a writ of error and the majority of the court entertaining the view that the writ of error would properly lie. The case of *People v. Justices* (*Delaware County, Common Pleas*), 1 *Johns. Cas.* (*N. Y.*) 181, cited by the applicant, was a case in which mandamus was used to review disbarment proceedings. But whether a writ of error was not available as a remedy

is not disclosed by the report of the case; and the question of the propriety of the proceeding by way of mandamus was not discussed.

We think that the correct rule applicable to this subject is expressed by Mr. Justice Nelson in the case of *Ex parte Bradley, supra*. We quote from his opinion as follows:

"This writ [mandamus] is applicable only in the supervision of the proceedings of inferior courts, in cases where there is a legal right, without any existing legal remedy. It is upon this ground that the remedy has been applied from an early day, indeed, since the organization of courts and the admission of attorneys to practice therein down to the present time, to correct the abuses of the inferior courts in summary proceedings against their officers, and especially against the attorneys and counsellors of the courts. The order disbarring them, or subjecting them to fine or imprisonment, is not reviewable by writ of error, it not being a judgment in the sense of the law for which this writ will lie. Without, therefore, the use of the writ of mandamus, however flagrant the wrong committed against these officers, they would be destitute of any redress."

Inasmuch as the absence of any other remedy is thus the *sine qua non* on which the right to relief by way of mandamus rests, it is next in order for us to determine whether in this jurisdiction no remedy, other than that of mandamus, exists. On this question we entertain no doubt.

The fact that the disbarment order is not a proceeding according to the course of the common law, does not render the writ of error inapplicable for its review. This court in *Thompson v. Thompson*, 3 *W. W. Harr.* (33 *Del.*) 593, 140 *A*. 697, held that the language of our Constitution (article 4, § 12, par. 1) conferring on the Supreme Court jurisdiction "to issue writs of error to the Superior Court and to determine finally all matters in error in the judgments and proceedings of said Superior Court," was sufficiently broad to bring within the reviewing power of the writ of error all proceedings, generally speaking, which eventuate in a final determination of rights, notwithstanding such proceedings are not according to the course of the common law and were not therefore reviewable by a writ of error as that writ was understood and applied at common law. *Thompson v. Thompson*, was a case in which divorce proceedings were brought to this court by way of writ of error. We can see no reason why disbarment proceedings which eventuate in an order of disbarment are not similarly the subject of review on a writ of error.

■ ■    The particular grounds of exception which the applicant takes to the order of disbarment which the court below entered against him will now be substantially stated with the view of pointing out what their mere statement discloses, viz., that they are such as may be fully reached by a writ of error and therefore are in no need of the extraordinary writ of mandamus for their review:

(a)    The procedure against the applicant was not in accordance with law. If not, it is clear that a writ of error would afford corrective review.

(b)    There was no sufficient evidence to sustain the charges. A writ of error is constantly used to support such an assignment of error.

(c)    There was no legal evidence to sustain the charges. If by this it is meant that incompetent evidence was improperly admitted against the petitioner, a writ of error would of course reach the matter.

(d)    The court below abused its discretion.

In *Bringhurst v. Harkins,* 2 *W. W. Harr.* (32 *Del.*) 324, 122 *A.* 783, 786, we held that on a writ of error this court would review the exercise of discretion by the court below where there was an abuse thereof. In that case we said in substance that "abuse of discretion" is synonymous with "a failure to exercise a sound, reasonable and legal discretion." The petitioner here phrases his objections under the present head in various ways; but in substance they are either that the court below abused its discretion or that it failed to exercise a sound, reasonable and legal discretion. What, therefore, he seeks to have this court review in a mandamus proceeding, could be reviewed on a writ of error.

■    In view of the foregoing, we conclude that all that the petitioner seeks can be obtained by him in a proceeding by way of the ordinary writ of error, and that mandamus will not therefore lie.

The petition will be dismissed.