EDWARD W. TERRY, Former Public Administrator for the County of St. Louis, State of Missouri, as Administrator with the Will annexed of the Estate of John Walter Stull, deceased,

*vs.*

PHILLIP B. STULL, FLORENCE STULL, DOROTHY E. STULL, EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, and HERCULES POWDER COMPANY, a corporation of the State of Delaware.

*New Castle, Dec. 9, 1933.*

40

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, and *Alexander Slater,* of New York City, for complainant.

*Robert H. Richards,* of the firm of Richards, Layton & Finger, and *Charles F. Richards,* for excepting defendants.

THE CHANCELLOR: The interrogatories were filed under *Rule* 34 of this court. That rule was patterned very largely after *Rule* 58 of the *Federal Equity Rules* (28 USCA § 723). *Mackenzie Oil Co. v. Omar Oil & Gas Co.,* 13 *Del. Ch.* 307, 119 *A.* 124. The Federal Courts have held that the 58*th Equity Rule* was intended merely to change the procedure in reference to obtaining discovery and to extend the right to a defendant as well as to a complainant; it never was intended to disturb the principles prevailing in the old practice, both American and English, governing the subject matter and the extent to which discovery might be elicited. *J. H. Day Co. v. Mountain City Mill Co., et al.,* (*D. C.*) 225 *F.* 622; *F. Speidel Co. v. N. Barstow Co.,* (*D. C.*) 232 *F.* 617; *Wolcott v. National Electric Signaling Co.,* (*D. C.*) 235 *F.* 224. Those principles remain equally undisturbed by *Rule* 34 of this court.

A complainant in a bill in equity is entitled to an answer from the defendant to supply proof in support of his case. Our *Rule* 38 requiring that a defendant shall "fully and responsively" answer all the well pleaded allegations and charges of the bill, with certain exception, is but the embodiment of the ancient principle governing the subject. But as there was always a risk that a complainant might be deprived of the full discovery to which he is entitled by the defendants' answering according to the letter only, the practice grew up of adding interrogatories to the bill by which the defendant's knowledge and information of the material facts charged in the bill might be probed through particular inquiries addressed to him in such a variety of ways as to make evasion more difficult.

The interrogatories constituted what was known as the interrogating part of the bill. *Story's Equity Pleading*, (6th *Ed.*) § 35. Now, however, under our rules interrogatories are not confined in their availability to complainants alone, but may be resorted to by defendants, and, if the complainant desires to make use of them, he may either append them to his bill or, on leave of the court, file them at a later time in the progress of the cause.

It was the old rule that every interrogatory should be founded upon statements in the bill. 1 *Daniel's Chancery Practice*, (4th *Ed.*) 483. Such is the rule to-day as far as a complainant is concerned. It is embraced within *Rule* 34 of this court in the requirement that "all interrogatories shall be * * * manifestly and demonstrably founded upon the pleadings." It is but a corollary to that rule for the courts to say, as they have said in the following cases, that the disclosure sought by interrogatories "must be of ultimate facts only, material to the support or defense of the cause, and not of mere evidence, or of facts tending to prove the nature of the case, or the facts upon which it is based." *Byron Weston Co. v. L. L. Brown Paper Co.*, (*D. C.*) 13 *F.* (2d) 412, 413; *Wolcott v. National Electric Signaling Co., supra; J. H. Day Co. v. Mountain City Mill Co., et al., supra; Luten v. Camp*, (*D. C.*) 221 *F.* 424; *P. M. Co. v. Ajax Rail Anchor Co.*, (*D. C.*) 216 F. 634. Many of the interrogatories excepted to are open to objection as offending against that corollary to the rule. They are addressed to an inquiry upon matters that are merely evidentiary in character, tending at the best to prove some collateral fact from which some argumentative inference may be drawn with respect to the ultimate facts that need to be established. It was said by the court in *Miller & Pardee, Inc., v. Lawrence A. Sweet Mfg. Co.*, (*D. C.*) 3 *F.* (2d) 198, 199, that "interrogatories should not go to the length of examination and cross-examination on evidentiary matter." Many of the interrogatories excepted to go to that length. For illustration, Philip B. Stull is asked if he

did not receive certain shares of stock from his father, which shares, it is the theory of the complainant's case, were received under circumstances which impress them in the hands of Philip B. Stull with a trust in his father's favor. The framer of the interrogatories then proceeded apparently on the assumption that Philip B. Stull would admit owning the shares but would deny having received them from his father, and, so assuming, propounded numerous interrogatories by which he interrogated Philip B. Stull upon his earning power, his resources, etc. Now, of course, it is apparent that the object of those interrogatories is to show, if possible, that Philip B. Stull had no money of his own with which to purchase the shares and, if so, that the inference is deducible that he must have gotten them without cost to him from someone else—from whom but his father! This sort of inquiry if it be pertinent appears to me to be of the essence of cross-examination. It does not go to a discovery of the ultimate facts in the case or of any facts or circumstances attendant upon those facts.

In *Mackenzie Oil Co. v. Omar Oil & Gas Co.*, 13 *Del. Ch.* 307, 119 *A.* 124, it was decided that interrogatories must be confined in their use by a complainant to a support of his own cause, and that they could not be employed for the purpose of prying into the defendant's case or to find out the evidence by which that case will be supported. When, therefore, the complainant here interrogated the defendants upon what, if any, property of John Walter Stull was received by them and inquired into the circumstances of its acquisition from him, he was within the limits of his interrogating rights. But when he goes farther and says—if you deny that you secured certain property from John Walter Stull, as I allege you did, then I call upon you to disclose from whom you did receive it, how much you paid for it, where you got the money from with which to buy it, and how you paid for it, by cash or check, etc.—he goes beyond the proper limits, for in that case he is inquiring not only into the defendants' case but as well

into the evidence by which he hopes to support it. Interrogatories of that type should not be answered.

The bill describes certain property, viz., shares of stock of Hercules Powder Company, which it alleges the defendants, Philip B. Stull, Florence Stull, his wife, and Dorothy E. Stull, his mother, now possess and claim to own absolutely, as property which is subject to the trust set up by the bill in favor of John Walter Stull, father of the said Philip B. Stull. The property so described was derived from the Hercules Powder Company as a result of the acquisition by that company of the assets of a certain other company called Virginia Cellulose Company. The bill sets out in a general way the transaction of purchase and alleges that the testator, John Walter Stull, was the equitable owner of all the stock of Virginia Cellulose Company which stood in the names of the individual defendants, and that, therefore, the Hercules stock, which stands in the place of the Virginia Cellulose stock, is but the converted form of the Virginia Cellulose stock and is subject to the same trusts in favor of John Walter Stull as the latter stock was subject to. Numerous interrogatories are addressed to the individual defendants concerning the transaction between the Hercules and Virginia Cellulose Companies, the ownership of the Virginia Cellulose stock and how it was acquired. All of these interrogatories, in so far as they are pertinent, are fully answered. No exceptions to them were taken. But other interrogatories were filed which inquire in some detail into a transaction, not mentioned in the bill, of a purchase by Virginia Cellulose Company of the assets of another company called the Stamsocott Company, the object of the interrogatories apparently being to compel a discovery of whether or not John Walter Stull had any interest in that property. There is an interrogatory addressed directly to that point. It has been answered. The answer is as the complainant evidently anticipated it would be, viz., a denial that John Walter Stull had any interest in the property of said Stamsocott Company. Now the com-

plainant, having anticipated that answer, framed numerous interrogatories as to who, then, were the owners of Stamsocott Company, who negotiated the sale of its assets, etc. Manifestly interrogatories of that sort are predicated on the conception that the answering defendant is under cross-examination and that the wide latitude of cross-examination of a witness is permitted to be indulged in by way of interrogatories addressed to him. Conceding for the moment that cross-examination of a witness might extend so far as the interrogatories in question go, yet I am of the opinion that such cross-examination cannot take the form of interrogatories. Some of the interrogatories in this group are furthermore objectionable on the ground of immateriality, because even if John Walter Stull owned any part of the Stamsocott Company, it cannot be of any material interest here to know what other persons may have owned an interest in it, who negotiated its sale, what if any interest the individual defendants had in it, etc., with respect to other inconsequential details.

In *Gasoline Products Co. v. American Refining Co.*, (*D. C.*) 12 *F.* (*2d*) 98, 99, and *Pressed Steel Car Co. v. Union Pacific R. Co.*, (*D. C.*) 241 *F.* 964, it was held that interrogatories are not permissible which seek discovery upon "suspicion, surmise, or vague guesses" or constitute a mere "fishing expedition." *Rule* 34 of this court provides *inter alia* that all interrogatories "shall be  *  *  *  specific," etc. This is in effect a requirement that interrogatories shall not be too general. Of course it would not do to hold an interrogating party down to a degree of specification that is forbiddingly exacting, for if too great a degree of definiteness were insisted upon it is manifest that the purpose which interrogatories are designed to fulfill, would be entirely frustrated. Reasonable definiteness, however, as much as the circumstances admit of, should be required. There are interrogatories before me which are too general. To illustrate, there are interrogatories calling on Philip B. Stull to say whether he ever turned over any

money to his father, asking for the amounts, if paid by check the names of the banks, the nature of the transactions, whether he ever received any power of attorney from his father of any kind, whether he ever acted in any way as agent for his father, and things of that sort. Now these interrogatories are of a most general character. They are not restricted to a relationship set out in the bill or to any property here in dispute. They cover the field of a life time and, if answered fully, the answers may run into a multitude of totally irrelevant matters. Interrogatories of that type appear to me to be shots in the dark fired in the hope that they may hit a mark.

This is a bill for an accounting. The proper procedure in such cases is for the complainant to first establish his right to an accounting. If he succeeds in carrying that burden, an interlocutory decree is then in order declaring the right to an accounting to be established and ordering the manner of its taking. The final decree settles the account. This being the procedure, there is no duty on the defendant to make discovery of matters entering into the account prior to the interlocutory decree which adjudges a duty on the part of the defendant to account. This view was accepted and acted upon by me in the unreported case of *McDaniel v. Franklin Railway Supply Company* in New Castle County. It is in accord with authority elsewhere. *Hudson v. Trenton, etc., Co.*, 16 *N. J. Eq.* 475; *Pace v. Bartles*, 45 *N. J. Eq.* 371, 17 *A.* 636; *French v. Rainey*, 2 *Tenn. Ch.* 640; *Walker v. Woodward*, 1 *Russell* 107, 38 *Eng. Reprint* 32; *Lockett v. Lockett, L. R. 4 Ch. App. Cas.* 336; *De Le Rue v. Dickinson*, 3 *Kay & Johnson*, 69 *English Reprint* 1159; *Jacobs v. Goodman*, 2 *Cox Ch. Cas.* 282, 30 *Eng. Reprint* 130; 1 *Daniel, Chancery Practice*, (6th Ed.) *857. It may be true that where an account is pertinent for the purpose of establishing the complainant's title to an account, as where an account in a present business is evidentiary of its identity with another business concerning which the bill is filed and as to which

the duty to account is not denied, discovery will be required of an account of the present business in advance of an interlocutory decree establishing that that business is one in which the complainant has the right to call upon the defendant to account. See observations of Silwyn, L. J., in *Lockett v. Lockett, supra*. But that is not the sort of case we are now considering. If the defendants here are accountable at all to the complainant, it is because Philip B. Stull took advantage of his father's alleged infirmities and so abused a position of confidence as wrongfully to acquire from him certain if not all of his property. Let it be conceded that it is proper in a bill for accounting, to require a discovery from a defendant of the fact, if it be such, that he acquired property from a complainant. Interrogatories directed to that end were propounded and have been answered. But the acquiring of property from another by gift is as legitimate as acquiring it by purchase. It loses its character of legitimacy only when it is affected by some tainting circumstance of unconscionable over-reaching. When the defendant answers as he has here that he did acquire property from his father, describing its nature and amount, but emphatically denying every suggestion of wrongful acquisition alleged by the bill, I think it is not permissible for the complainant to exact accounting details with respect to that property until he has first established that its acquisition was under such circumstances as raise a constructive trust in his favor.

The interrogatories, therefore, which seek from any of the defendants a detail of accounting, beyond the mere disclosure of what property was received, are objectionable and the exceptions to them will be sustained.

In the foregoing I have indicated the general principles by which I am guided in passing upon the numerous exceptions filed to the interrogatories. I shall not take up each exception and discuss it in the light of the general principle by which my answer to it is governed. That task would be too tedious and in the end would serve no useful purpose.

I, therefore, content myself by announcing the general result to be that all of the exceptions will be sustained, except the one taken to interrogatory number thirty-two addressed to Philip B. Stull.

Order accordingly.