Matter of A. B. WILLIAMS, individually and on behalf of the class consisting of certain landowners in the State of Kansas, Relators,

*vs.*

VICE CHANCELLOR MARVEL, THE WICHITA WATER COMPANY, a Delaware corporation, and THE AMERICAN WATER WORKS COMPANY, INC., a Delaware corporation, Respondents.

*Supreme Court On Appeal, March 2, 1960.*

*Joseph P. Hurley,* Wilmington, and *Kenneth G. Speir* of Speir, Stroberg & Sizemore, Newton, Kan., for relators.

*Aaron Finger* of Richards, Layton & Finger, Wilmington, and *Norman T. Hayes, Jr.,* of Morgan, Lewis & Bockius, Philadelphia, Pa., for respondents.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

SOUTHERLAND, Chief Justice: The suit in the court below concerns a claim of plaintiffs (relators here) to be reimbursed for water claimed to have been withdrawn from and under their lands.

Plaintiffs sought discovery from the defendants. (1) They asked for the production of certain documents; and (2) they took the deposition of the president of one of the defendants. The defendants objected to producing the documents, and, in the course of the deposition,

also objected to certain questions put to the witness, who refused to answer them on advice of counsel.

The Vice Chancellor sustained the defendants on both points. He ruled that the documents sought and the questions objected to were improper. The reason for his ruling was this:

In his view plaintiffs' case consists of (1) a claim of interest in the water that is the subject matter of the suit, and (2) a right to an accounting for its value if that interest is established. The documents sought, and the questions put to the witness, pertained to the accounting issue only. Hence, in his opinion, the discovery sought was premature. See *Terry v. Stull*, 20 *Del.Ch.* 39, 46, 169 *A.* 739.

Plaintiffs, conceding that this decision is a nonappealable interlocutory ruling, seek a review thereof by way of a petition for a writ of mandamus. Defendants (in addition to other defenses) move to dismiss.

■ We do not reach the question of the correctness of the Vice Chancellor's ruling, because we are of opinion that the defendants' motion must be granted. Mandamus is not a proper remedy to control or reverse judicial action in a case in which the matter is interlocutory and can be subsequently reviewed on appeal. See *Adair v. Pennewill*, 34 *Del.* 390, 153 *A.* 859; *National Bondholders Corporation v. McClintic*, 4 *Cir.*, 99 *F.2d* 595, 598; *Pennsylvania Railroad Co. v. Kirkpatrick*, 3 *Cir.*, 203 *F.2d* 149. Judge Chestnut's analysis of the principle in the McClintic case is directly in point here.

■ If we were to sanction the use of the writ to the extent urged by plaintiffs, it would result (in effect) in permitting appeals from all interlocutory procedural orders of the Court of Chancery. In this way we would reverse our settled line of decisions permitting appeals only from orders determining substantial issues. Such a perversion of the writ of mandamus may not be permitted.

The petition is dismissed.